UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TISA JOHNSON,<br><br>  Plaintiff,<br><br>vs.<br><br>ADMIN RECOVERY LLC<br><br>  Defendant | Civil Action No.: 14-1421<br><br>Judge:_____<br><br>CIVIL COMPLAINT<br><br>JURY DEMAND |

Plaintiff, Tisa Johnson, on behalf of herself (hereinafter "Plaintiff"), by and through her undersigned attorney, alleges against the Defendant, Admin Recovery LLC (hereinafter "Defendant"), as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692k(d).

3. Venue is proper in this district under 28 U.S.C § 1391(b).

## PARTIES

4. Plaintiff is a natural person, who at all relevant times has resided in Ponchatoula, Louisiana, 70454 and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant is a corporation doing business in the State of Louisiana, with its corporate address as 45 Earhart Dr, Suite 102 Williamsville, New York, 14221.

## FACTUAL STATEMENT

6. Plaintiff bought jewelry on credit using the jewelry as secured collateral.

7. In or about June 2013, Plaintiff began to receive calls from Admin Recovery LLC regarding her account.

8. Plaintiff received a voice mail from Defendant's representative "John" on June 4, 2013. Defendant's representative stated that the call was regarding secured collateral merchandise and that Admin Recovery LLC was hoping to resolve the matter on a voluntary basis. During the course of leaving the voice mail, Defendant's representative at no time indicated the phone call was from a debt collector attempting to collect a debt.

9. Plaintiff received a voice mail from Defendant's representative "John" on June 14, 2013. The representative asked Plaintiff to make a return phone call to the representative's director "Adam Brown."  During the course of leaving the voice mail, Defendant's representative at no time indicated the phone call was from a debt collector attempting to collect a debt.

10. Plaintiff received a voice mail from Defendant's representative "John" on June 15, 2013. Defendant's representative stated that he needed to speak with her regarding the secured collateralized merchandise. During the course of leaving the voice mail, Defendant's representative at no time indicated the phone call was from a debt collector attempting to collect a debt.

11. Plaintiff received a voice mail from Defendant's representative "John" on June 19, 2013. Defendant's representative stated that he needed to speak with her regarding the secured collateralized merchandise. During the course of leaving the voice mail, Defendant's representative at no time indicated the phone call was from a debt collector attempting to collect a debt.

12.     Plaintiff received a voice mail from Defendant's representative "John" on June 20, 2013. Defendant's representative stated that he needed to speak with her regarding the secured collateralized merchandise. During the course of leaving the voice mail, Defendant's representative at no time indicated the phone call was from a debt collector attempting to collect a debt.

13.     In or about July 2013, Defendant placed a phone call to Plaintiff's stepson and informed him that Plaintiff had a debt due and owing with Defendant.

14.     Plaintiff received a voice mail from Defendant's representative "John" on August 15, 2013 discussing the status of the secured collateral merchandise. During the course of leaving the voice mail, Defendant's representative at no time indicated the phone call was from a debt collector attempting to collect a debt.

15.     Plaintiff received a voice mail from Defendant's representative "John" on August 17, 2013 discussing the status of the secured collateral merchandise. During the course of leaving the voice mail, Defendant's representative at no time indicated the phone call was from a debt collector attempting to collect a debt.

## COUNT I
## SEVEN SEPARATE VIOLATIONS OF THE FAIR DEBT COLECTIONS PRACTICES ACT 15 U.S.C. § 1692(e)(11)

16.     Plaintiff repeats the allegations contained in paragraphs 1 through 15 and incorporates them as if set forth at length herein.

17.     Plaintiff received seven voicemails from Defendant's representative "John" on Plaintiff's phone.

18.     During each and every one of these phone calls, Defendant's representative "John" failed to disclose that the communication was from a debt collector.

19. Defendant's failure to notify Plaintiff that the phone call was from a debt collector violates 15 U.S.C. § 1692(e)(11), which states that it is a violation to fail to disclose in the initial communication that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose and to fail to disclose in each subsequent communication that the communication is from a debt collector.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692c(b)

20. Plaintiff repeats the allegations contained in paragraphs 1 through 15 and incorporates them as if set forth at length herein.

21. In or about July 2013, Defendant placed a phone call to Plaintiff's stepson and informed him that Plaintiff had a debt and due and owing with Defendant.

22. Plaintiff at no time gave prior consent to Defendant to communicate with Plaintiff's stepson about her account.

23. This communication was in violation of 15 U.S.C. § 1692c(b) which states "a debt collector may not communicate in connection with the connection of any debt, with any person other than a consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

## JURY TRIAL DEMAND

24. Plaintiff requests a trial by jury on all issues so triable as a matter of law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Tisa Johnson, respectfully requests that this Court enter judgment against the defendant, and on behalf of the Plaintiff, for the following:

a.  That an order be entered declaring the Defendant's actions, as described above, in violation of the FDCPA;

b.  That judgment be entered against the Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

c.  That judgment be entered against the Defendant for statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B), in the amount of $1,000.00;

d.  That the court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k (a)(3); and

e.  That the Court grant such other and further relief as may be just and proper.

Dated this 18th day of June, 2014

Respectfully Submitted,

*/s/* A. Blase Inzina
A. BLASE INZINA, #28089
OFFNER, SCOTT & INZINA, APLC
3850 N. Causeway Blvd., Suite 1130
Metairie, Louisiana 70002
Phone: (504) 264-1057
Facsimile: (504) 264-5557
E-Mail: blase@osilegal.com